IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DEBORAH J. PARTIN,                                                                      PLAINTIFF

v.                                                         CIVIL ACTION NO. 2:08CV158-SAA

COMMISSIONER OF SOCIAL SECURITY,                                      DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's application for a period of disability (POD) and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Because both parties have consented under 28 U.S.C. § 636(c) to have a magistrate judge conduct all the proceedings in this case, the undersigned has the authority to issue this opinion and the accompanying final judgment.

The plaintiff Deborah J. Partin was born on August 24, 1951. She is a high school graduate and had some college courses. Her past employment experience consists of work as a medical courier, forklift operator, hand packager and a checker or cashier. (Tr. 235). The plaintiff filed her applications for period of disability, disability insurance benefits and SSI on March 18, 2004, alleging a disability onset date of February 28, 2007. (Tr. 15, 130-132). Plaintiff's requests for benefits were denied at the initial and reconsideration stages, and she

1

sought timely review from an administrative law judge (ALJ). A hearing was held and an unfavorable decision issued on August 24, 2006. The plaintiff appealed the decision to the Appeals Council, which remanded the case for further proceedings. Due to changes in the service area of the Social Security Administration the case was transferred to a different district office and assigned to a different ALJ. After a video hearing, the second ALJ issued a second unfavorable decision on May 22, 2007. The plaintiff again requested review of the decision by the Appeals Council. The Appeals Council denied the request for review, and the second decision, a forty-five page Opinion, became final on May 12, 2008. The plaintiff timely appealed to this court. It is the second decision only that is in issue on appeal.

The Order of Remand from the Appeals Council to the second ALJ directed that the ALJ:

- Obtain updated evidence concerning the claimant's impairments in order to complete the administrative record in accordance with regulatory standards concerning consultative examinations and existing medical evidence (20 C.F.R. §§ 404.1512-404.1513 and 416.912-416.913). The additional evidence was to include, if available, treating source records with medical source statements about what the claimant could still do despite the impairments. The additional evidence was to include, if warranted and available, consultative psychological or physical examinations with medical source statements about what the claimant could still do despite the impairments.

- Further evaluate the claimants's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 C.F.R. §§ 404.1529 and 416.929), pertinent circuit case law and Social Security Ruling 96-7p.

- Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 404.1520a(c) and 416.920a(c).

- Give further consideration to the claimant's maximum residual functional

> capacity [RFC] and provide appropriate rationale with specific references to the record in support of the assessed limitations (20 C.F.R. §§ 404.1545 and 416.945 and Social Security Rulings 85016 and 96-8p).
>
> - If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-12, 83-14, 85-15 and 96-9p, and *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988)). The hypothetical questions were to reflect the specific capacity/limitations established by the record as a whole. The ALJ was to identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the dictionary of occupational titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4-p).

(TR. 109). Although the ALJ acknowledged at the second hearing that the case was before him on remand from the Appeals Council, he did not mention the remand or any of the directives provided by the Order of Remand in his 45-page opinion. (Tr. 527, 13 - 58).

In his decision, the ALJ determined that the plaintiff suffered from the following severe impairments: chronic obstructive lung disease due to tobacco abuse, degenerative disc disease in the spine, obesity, depression, borderline personality disorder, and substance abuse. (Tr. 18). However, the ALJ further found that she did not meet or equal any of the listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.920(d), 416.925 and 416.926). (Tr. 19). After considering the entire record, the ALJ determined that the plaintiff retains the RFC to perform light work which involves simple tasks of one- or two-step instructions, occasional climbing, balancing, stooping, kneeling, crouching and crawling, and no concentrated exposure to dusts, fumes, gases or odors. (Tr. 22). The ALJ went into great detail regarding the plaintiff's symptoms and the medical records, including medical source statements from plaintiff's treating sources, Drs. William Nissen, Rhonda Callison, and Mary Feria. He

3

noted several conflicts between physicians' reports, medical source statements, and the plaintiff's own representations of her abilities and impairments and her activities of daily living. (Tr. 22-58).

After determining plaintiff's RFC and considering the testimony of a vocational expert ("VE"), the *Dictionary of Occupational Titles,* and the arguments and objections of plaintiff's counsel, the ALJ determined that the plaintiff was able to return to her past work as a medical courier. Because she was able to return to her past work, the ALJ determined that the plaintiff was not under a disability as defined by the Social Security Act. (Tr. 59).

On appeal the plaintiff argues that the ALJ: (1) improperly substituted his lay opinion for that of the experts; (2) improperly disregarded the treating sources, Drs. Callison and Nissen; (3) failed to follow necessary regulations and applicable law when dismissing or discounting the opinions of treating physicians; and (4) failed to follow the requirements of the Appeals Council's Order of Remand. Docket 17.

## II.    STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through the five-step sequential evaluation process established by the Social Security Administration.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] The steps are:

> 1. An individual who is working and engaging in substantial gainful

---

[1]*See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

4

activity will not be found disabled regardless of the medical findings.
    2. An individual who does not have a "severe impairment" will not be found to be disabled.
    3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
    4. If an individual is capable of performing the work [s]he has done in the past, a finding of "not disabled" must be made.
    5. If an individual's impairment precludes [her] from performing [her] past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Dominguez v. Astrue*, 286 Fed.Appx. 182, 187-188, 2008 WL 2787483, *4 (5th Cir.,2008). At step five, the ALJ determines whether she is capable of performing other work in light of plaintiff's RFC, age, education and past work experience.[3] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[4] Under applicable Social Security rules and regulations, the Commissioner has the final responsibility for determining an individual's RFC, whether that RFC prevents her from doing past relevant work, and ultimately for determining whether an individual is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1527.

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a

---

[3] 20 C.F.R §§ 404.1520(f)(1) (1996) & 416.920(f)(1) (1996).

[4] *Muse*, 925 F.2d at 789.

preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

Failure to follow the requirements of the Remand Order

An ALJ must "take any action ordered by the Appeals Council and may take any additional action that is not inconsistent with the remand order." SOCIAL SECURITY LAW AND PRACTICE §53:54; 20 CFR 404.977(b), 416.977(b). Despite the ALJ's lengthy decision, he ultimately failed to heed all requirements set out in the Appeals Council's Order of Remand. Of the five directives specifically ordered, the ALJ touched on only three, and even then without mentioning the dictates of the remand order: evaluation of the plaintiff's subjective complaints, additional evaluation of the plaintiff's mental impairment, and additional consideration of the plaintiff's maximum RFC. He did not address the requirement that he obtain updated medical evidence, records and opinions concerning plaintiff's impairments, did not order additional consultative examinations[5] and did not obtain supplemental evidence from a VE relating to the "expanded record."[6] (Tr. 109). Further, with regard to "[o]btaining updated evidence concerning the claimant's impairments in order to complete the administrative record in accordance with

---

[5]The remand order did not require referral of plaintiff for additional examinations, but did allow for the possibility of consultative examinations if warranted to complete the administrative record. See Tr. 109.

[6]The court is aware that the ALJ did obtain testimony from a VE during the February 28, 2007 hearing. Nevertheless, the record did not contain substantial additional medical evidence. In reality there was no "expanded record," rather there was an second examination by a different ALJ of the same VE who had originally testified. In the court's view, this scenario was not what was contemplated by the Appeals Council''s Remand Order.

6

regulatory standards concerning consultative examinations and existing medical evidence. . . ," the ALJ detailed inconsistencies within the treating sources' opinions and the plaintiff's assertions regarding her activities of daily living, but he made no effort to gather additional evidence, medical records or to seek other consultative examiner's opinions to clarify the discrepancies. These failures are contrary not only to the directives of the Appeals Council, but also to 20 C.F.R. §§ 404.1512(e), 416.912(e). The court concludes that despite the great detail of the ALJ's decision, his failure to follow the specific directives of the Appeals Council and to develop the record as required by applicable regulations requires remand.

<u>Failure to afford proper weight to a treating physician</u>

Medical evidence in the record evidences that the plaintiff saw Drs. Feria, Callison and Nissen on numerous occasions and sought medical source statements or opinions regarding her impairments from each of them relating to her claim of disability. (Tr. 401 - 419, 427 - 443, 446 - 447, 449 - 450, 459 - 487). The record and the ALJ's decision reflect that when Dr. Feria was contacted by Dr. Melodee S. Woodard, a DDS medical consultant, on June 22, 2005 for clarification of her May 5, 2005 opinion questionnaire (Tr. 297 - 300), Dr. Feria told Dr. Woodard that she may have not understood how to fill out the form and thus may have completed it inaccurately. (Tr. 36, 490 - 492). However, the ALJ did not re-contact Dr. Feria for an updated medical source statement or with questions regarding her assessment and opinion of the plaintiff's impairments. Likewise, the ALJ detailed inconsistencies between Dr. Callison and Dr. Nissen's opinions (Tr. 48-58), but he did not re-contact either of these treating sources, as directed by the Appeals Council, to clarify or receive updated medical source statements or opinons relating to plaintiff's impairments. (Tr. 402 - 404, 446 - 447, 449 - 450).

7

An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification" *will* be sought [emphasis added by the court] "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); see also 20 C.F.R. § 404.1527(d)(2). Although the treating physician's opinion and diagnosis should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating

8

physician, he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). *Newton* noted the factors that the ALJ must consider under the agency's own regulations before declining to give evidence of a treating physician controlling weight:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2). Social Security Administration Regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." SSR 96-2p states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

*See also Newton*, 209 F.3d at 456.

Under SSR 96- 5p, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. *Id.* In this case, the ALJ did review all medical records in evidence. In fact, the ALJ thoroughly addressed the records and opinions of Drs. Callison, Nissen and Feria throughout his decision, along with all the other medical evidence in this case. Yet the ALJ found Drs. Nissen and Callison "not particularly credible, . . . inconsistent, . . .and certainly not deserving of controlling weight" without

9

following applicable Social Security Rulings and applicable law. (Tr. 57).

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (*per curiam*); *see also Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). Even though the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to a claimant's residual functional capacity may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999). Finally, where an ALJ fails to provide appropriate explanations in not affording proper weight to a plaintiff's treating physicians' opinions, the case must be remanded. *Newton* 209 F. 3d at 456. In this case, the ALJ considered the records and opinions from Drs. Callison, Feria and Nissen, but found them contrary, in several respects, to plaintiff's testimony regarding her work-related abilities, conflicting with each other's opinions, and generally inconsistent with the record.

Despite the clear directive of the Appeals Counsel to the ALJ to further develop the record, obtain updated medical source information from treating sources and, if warranted, seek additional consultative medical examinations, the ALJ did none of this. Although mindful that the ALJ's decision may not ultimately be erroneous, the court finds that it is not supported by

applicable law and failed to follow necessary regulations. Therefore, the decision must be remanded for additional consideration consistent with both the Appeals Council's December 1, 2006 Remand Order and this memorandum opinion.

Plaintiff's Remaining Arguments

Because the court recommends that this action be remanded to the ALJ for further consideration and analysis in accordance with this opinion, the previous Order of Remand and applicable Social Security Regulations and Rulings, the court need not address the merits of the plaintiff's remaining arguments at this time.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will be issued this day. This, the 27th day of October, 2009.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE